UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

COURT CASE NO. _____

ANDREW CUADRADO,

        Plaintiff,

vs.

CITY OF MOUNT DORA, FLORIDA, a Florida
Municipality, and GARY L. HUTCHESON, individually,

        Defendants.
_____/

## COMPLAINT
### (Jury Trial Demanded)

    Plaintiff, Andrew Cuadrado, hereby sues Defendants, City of Mount Dora, Florida, a Florida Municipality, (hereinafter referred to as "Mount Dora") and Gary L. Hutcheson, individually, (hereinafter referred to as "Detective Hutcheson"), and alleges:

### GENERAL ALLEGATIONS

    1.    This is an action brought pursuant to the provisions of 42 U.S.C. § 1983 and 1988, and Fourth Amendment to the United States Constitution, together with state law claims.

    2.    This Court has jurisdiction of this action pursuant to the provisions of 42 U.S.C. § 1983, 28 U.S.C. § 1343 and 28 U.S.C. § 1331. Jurisdiction over the state law claims is based upon the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367.

    3.    At all times material hereto, the Plaintiff, Andrew Cuadrado, was and is a resident of Polk County, Florida, and the United States of America.

4. At all times material hereto, the City of Mount Dora was and is a Florida Municipality within the confines of Lake County, Florida.

5. At all times material hereto, Mount Dora employed Detective Gary L. Hutcheson as a police detective.

6. At all times material hereto, Detective Hutcheson was a resident of Lake County, Florida and a police Detective for Mount Dora.

7. And at all times material hereto, Detective Hutcheson was acting in the course and scope of his employment and under the color of law, unless otherwise indicated, and Detective Hutcheson is sued herein in his official and individual capacities.

8. On or about April 12, 2023, Plaintiff, Andrew Cuadrado, furnished the City of Mount Dora and the Department of Financial Services with written notice of claim via certified mail – return receipt requested pursuant to § 768.28, Florida Statutes.

9. Plaintiff, Andrew Cuadrado, has complied with all the conditions precedent, including the conditions precedent set forth in § 768.28, Florida Statutes, prior to filing this civil action.

10. Plaintiff, Andrew Cuadrado, has retained the undersigned counsel and agreed to pay them reasonable attorney's fees to represent him in this action.

**STATEMENT OF FACTS**

11. On or about February 13, 2023, the Plaintiff, Andrew Cuadrado was arrested by the Polk County Sheriff's Department near where he lived in Auburndale, Florida on an outstanding arrest warrant issued by the Lake County Circuit Court and put

in custody and taken to jail. This arrest warrant was based on the arrest affidavit sworn to by the Defendant, Detective Hutcheson, of the Mount Dora Police Department.

12. At or around February 13, 2023, the date he was arrested, the Plaintiff was an honorably (medically) discharged veteran of the United States Army. He suffered PTSD (Post Traumatic Stress Disorder) as a direct result of his active duty service to his country. Plaintiff's driver's license information revealed that on or about January 25, 2023, he lived at 137 Summershore Drive, Auburndale, Florida. His date of birth was 3/9/1988; He was 5'5" tall and was a veteran.

13. On or about January 25, 2023, Keith Shafer, an employee of Jeremiah's, had parked his vehicle near Jeremiah's, a restaurant in Mount Dora, Florida, and was the purported victim of criminal mischief when a Hispanic male slashed the tires on his vehicle.

14. On or about January 25, 2023, the victim, Keith Shafer, who worked at Jeremiah's, told the initial investigating officer (Gibbs) that he observed the driver of the white Ford Mustang GT that was leaving the scene to be a former co-worker, "Andy" Cuadrado.

15. On that same date and time and place two other witnesses, Skylar Ashton and Kendall Green, also advised the initial investigating officer (Gibbs) that they observed the driver of the white Ford Mustang slashing the tires of Keith Shafer's truck. A photograph was even taken by Sklar Ashton and given to the investigating officer.

16. On or about January 25, 2023, the Plaintiff, Andrew Cuadrado, lived in Auburndale, Florida, approximately 68 miles from Jeremiah's Restaurant in Mount Dora, Florida and over an hour's drive. He neither owned nor had access to a white Ford

Mustang GT and had never been to Jeremiah's Restaurant in Mount Dora, Florida. In fact, at no time prior to or on January 25, 2023 had the Plaintiff ever even been to Mount Dora, Florida.

17. On or about January 25, 2023, the victim, Keith Scott Shafer, signed an affidavit giving the initial investigating officer (Gibbs) the name and address of the actual former Jeremiah's employee that slashed the tires on his truck. "Andy Cuadrado," 18 Jet Loop, Apoka, Florida 32712, an address approximately 15-20 minutes from the restaurant where he used to work. Andy Cuadrado's date of birth was March 4, 1986, was 5'9" tall and weighed 219 lbs.

18. Prior to February 10, 2023, when Defendant, Detective Hutcheson signed a sworn affidavit of probable cause, Defendant, Detective Hutcheson knew or had available to him, via the owner and/or management of Jeremiah's the following information about this former employee identified by Mr. Shafer as the perpetrator of the crime against him, to wit:

   a. His full and proper spelling of his name;

   b. His actual address;

   c. His actual date of birth;

   d. His actual telephone number.

19. Prior to February 10, 2023, Defendant, Detective Hutcheson actually called and spoke to the perpetrator of this crime, "Andy" Cuadrado, who confirmed that he had access to a white Ford Mustang GT. Again, at or about this time, the former employee lived within approximately 15 minutes of the restaurant according to the information available to Defendant, Detective Hutcheson.

20. Upon requesting the issuance of the arrest warrant, Defendant, Detective Hutcheson took <u>no steps</u> to confirm that the arrest warrant would be issued and served upon the actual former employee of Jeremiah's restaurant that had been seen by witnesses slashing the tires of a current employee and seen by the victim himself driving away from the scene in a white Ford Mustang GT.

21. Prior to seeking an arrest warrant for a man that lived 68 miles away in Polk County, Florida, who had a different phone number, whose first name was different, whose date of birth did not match that of the actual former employee and who did not own or have access to a white Ford Mustang GT, the Defendant, Detective Hutcheson, took <u>no action</u> whatsoever to confirm he was asking for the arrest of the correct suspect. He simply found a <u>similar</u> name in a data base and asked for that person to be arrested for the crime of criminal mischief. For unknown reasons, Detective Hutcheson did not personally serve the arrest warrant on "Andy" Cuadrado.

22. The Plaintiff, Andrew Cuadrado, upon being arrested in Polk County, Florida, was provided with a Notice of Felony Arraignment set for March 13, 2023 in Lake County, Florida, by Gary J. Cooney, the Clerk of Courts in and for Lake County, Florida.

23. On or before February 10, 2023, the date that Detective Hutcheson swore to the affidavit in support of the arrest warrant, he:

a. Never called the telephone number he had again or cross checked it to confirm the identity via a Florida driver's license;

5

b. Never went to the 18 Jet Loop address to speak to the suspect, obtain his photograph or to canvas neighbors regarding him and the car involved in the criminal mischief;

c. Never sent any letters to that address;

d. Never asked the Jeremiah owner to identify his former employee by a driver's license photo lineup;

e. Never did an auto check or auto registration check to see what vehicle Plaintiff, Andrew Cuadrado, had;

f. Never stopped his investigation of the Plaintiff when he determined that the address was Auburndale, Florida, over an hour away from the alleged crime;

g. Never attempted to have the arrest warrant issued by the Court at his request served at the address available to him through Jeremiah's, nor at any subsequent address to which the former employee may have moved.

24. On or about March 8, 2023, the State Attorney, William M. Gladson, of the 5th Judicial Circuit of Florida, through Assistant State Attorney, Lemis L. Archer, filed an Announcement of No Information as against the Plaintiff and the case was dismissed.

### COUNT I – § 1983
### CLAIM AGAINST DETECTIVE HUTCHESON
### FALSE ARREST / FALSE IMPRISONMENT

25. Plaintiff, Andrew Cuadrado, hereby realleges, readopts and reincorporates Paragraphs 1 through 24 above as if fully set forth herein.

6

26. A simple check of the data bases available to Defendant, Detective Hutcheson, would have revealed that the telephone number he was given by Jeremiah's management was <u>NOT</u> a man living in Auburndale, Florida.

27. A simple check of the data bases available to Defendant, Detective Hutcheson, would have revealed that the date of birth, main spelling and address information available to him through Jeremiah's restaurant was <u>NOT</u> a man living in Auburndale, Florida.

28. Based on all of the above, and especially with Defendant, Detective Hutcheson, having already spoken to the actual suspect, Andy Cuadrado, who confirmed that he had access to a white Ford Mustang GT, there was no probable cause to have an arrest warrant issued for the arrest of the Plaintiff, whose name was spelled Andrew Cuadrado, whose date of birth was 3/9/1988, whose address was 137 Summershore Drive, Auburndale, Florida 33823, some 67 miles from Mount Dora, Florida.

29. The actions of Defendant, Detective Hutcheson, in causing the issuance of an arrest warrant for the Plaintiff, Andrew Cuadrado, in the absence of probable cause were taken in the absence of lawful authority. The actions of Defendant, Detective Hutcheson, constitute false arrest/false imprisonment of Plaintiff, Andrew Cuadrado.

30. The conduct of Defendant, Detective Hutcheson, toward Plaintiff, Andrew Cuadrado, was objectively unreasonable and violated the clearly established rights of the Plaintiff under the Fourth Amendment of the United States Constitution, and 42 U.S.C. § 1983, to be free from seizure, arrest and confinement in the absence of probable cause.

31. As a direct and proximate result of the acts described herein, in violation of U.S.C. § 1983, Plaintiff, Andrew Cuadrado, has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

32. As a further direct and proximate result of the conduct of Defendant, Detective Hutcheson, Plaintiff, Andrew Cuadrado, suffered loss of liberty and freedom, the costs of bond and defense of the criminal prosecution, anxiety, fear and aggravation of a pre-existing condition. The losses of Plaintiff, Andrew Cuadrado, are either permanent or continuing, and Plaintiff will suffer the losses in the future, in violation of his civil rights.

**WHEREFORE**, Plaintiff, Andrew Cuadrado, demands judgment against Defendant, Detective Gary L. Hutcheson as follows:

    a. for compensatory damages;

    b. for punitive damages;

    c. for costs of this action and attorney's fees pursuant to the provisions of 42 U.S.C. § 1983 and § 1988; and

    d. any further relief as allowed by law due to the unlawful conduct of Detective Hutcheson.

### COUNT II – STATE LAW CLAIM AGAINST CITY OF MOUNT DORA FALSE ARREST / FALSE IMPRISONMENT

33. Plaintiff, Andrew Cuadrado, hereby realleges, readopts, and reincorporates Paragraphs 1 through 32 above as if fully set forth herein.

34. Defendant, Detective Hutcheson, did not have probable cause to believe that Plaintiff, Andrew Cuadrado, of Polk County, Florida, had committed the alleged criminal offense of criminal mischief in Mount Dora, Florida. In fact, the facts and circumstances known to Detective Hutcheson, or which should have been known by him had he conducted a reasonable probable cause investigation, including affidavits and statements of witnesses, identifying information of the suspect, a former employee of Jeremiah's who had a different (nearby) address, telephone number, and date of birth than the Plaintiff, were not sufficient to cause a reasonable, cautious person to believe that Plaintiff, Andrew Cuadrado, had committed the aforementioned criminal offense.

35. Defendant, Detective Hutcheson, recklessly caused the Plaintiff, Andrew Cuadrado, to be arrested and detained for the alleged criminal offense of criminal mischief. Further, Defendant, Detective Hutcheson, acted with knowledge that the arrest and restraint of Plaintiff would substantially be certain to occur.

36. The arrest and restraint of Plaintiff, Andrew Cuadrado, was against the will of Plaintiff and was unlawful, unreasonable and without probable cause.

37. As a direct and proximate result of the aforementioned acts, Plaintiff, Andrew Cuadrado, has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

38. As a further direct and proximate result of the conduct of the aforementioned Detective of the City of Mount Dora, the Plaintiff, Andrew Cuadrado, was arrested, detained and confined in jail and suffered from or incurred injury to his reputation and health; aggravation of a pre-existing condition; shame; humiliation and

embarrassment; mental anguish; emotional distress; legal expenses; costs of bond and other related expenses.

**WHEREFORE**, Plaintiff, Andrew Cuadrado, hereby demands judgment for damages against Defendant, City of Mount Dora, together with costs of this civil action and any further relief this Court deems appropriate.

### COUNT III – STATE LAW
### CLAIM AGAINST DETECTIVE HUTCHESON
### FALSE ARREST / FALSE IMPRISONMENT

39. Plaintiff, Andrew Cuadrado, hereby realleges, readopts, and reincorporates Paragraphs 1 through 32 above as if fully set forth herein.

40. Defendant, Detective Hutcheson, individually, proximately caused the issuance of an arrest warrant for the Plaintiff, Andrew Cuadrado, in the absence of probable cause that Plaintiff committed any criminal offense.

41. The actions of the Defendant, Detective Hutcheson, individually, in causing the arrest of Plaintiff, Andrew Cuadrado, in the absence of probable cause, were taken in absence of lawful authority. The actions of Defendant, Detective Hutcheson, individually, constitute false arrest/false imprisonment of the Plaintiff, Andrew Cuadrado.

42. Or, in the alternative, if the false arrest/false imprisonment of the Plaintiff, Andrew Cuadrado, was not committed by Defendant, Detective Hutcheson, during the course and scope of his employment for the City of Mount Dora, then it was committed by Defendant, Detective Hutcheson, in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, the

false arrest/false imprisonment of the Plaintiff was thus committed by Defendant, Detective Hutcheson, in his individual capacity.

43.     As a direct and proximate result of the aforementioned acts, the Plaintiff, Andrew Cuadrado, has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

44.     As a further direct and proximate result of the conduct of Defendant, Detective Hutcheson, individually, Plaintiff, Andrew Cuadrado, was arrested, detained and confined in jail and suffered from an injury to his reputation and health; aggravation of a pre-existing condition; shame; humiliation and embarrassment; mental anguish; emotional distress; legal expenses; costs of bond and other related expenses. The losses to Plaintiff are either permanent or continuing, and the Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff, Andrew Cuadrado, hereby demands judgment for damages against Defendant, Detective Gary L. Hutcheson, together with costs of this civil action and any further relief this Court deems appropriate.

### COUNT IV – STATE LAW
### CLAIM AGAINST DETECTIVE HUTCHESON
### FOR MALICIOUS PROSECUTION

45.     Plaintiff, Andrew Cuadrado, hereby realleges, readopts, and reincorporates Paragraphs 1 through 32 above as if fully set forth herein.

46.     Defendant, Detective Hutcheson, individually, maliciously instituted and continued a criminal prosecution against Plaintiff, Andrew Cuadrado. Defendant, Detective Hutcheson, commenced and continued the criminal prosecution recklessly,

without probable cause, and without due regard for whether the criminal prosecution against Plaintiff, Andrew Cuadrado, was justified. Defendant, Detective Hutcheson, knew that the person arrested pursuant to the warrant he obtained was the wrong man, by age, description, location, etc., and yet took <u>no action</u> to dismiss the criminal charges he had filed against the Plaintiff.

47. The criminal proceedings instituted and/or continued by Defendant, Detective Hutcheson, individually, reached a bona fide resolution in favor of Plaintiff, Andrew Cuadrado.

48. As a direct and proximate result of the acts described above, Plaintiff, Andrew Cuadrado, has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

49. As a further direct and proximate result of the conduct of Defendant, Detective Hutcheson, individually, Plaintiff, Andrew Cuadrado, suffered loss of his liberty and freedom, mental anguish, loss of capacity for the enjoyment of life, costs of bond and incurred attorney's fees in the defense of the charges commenced or continued against him. The losses of Plaintiff are either permanent or continuing, and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff, Andrew Cuadrado, hereby demands judgment for damages against Defendant, Detective Gary L. Hutcheson, together with costs of this civil action and any further relief this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, Andrew Cuadrado, hereby demands a jury trial in this action.

**DATED** this 4th day of January, 2024

_____
**DANIEL P. FAHERTY, ESQUIRE**
Florida Bar No. 0379697
TELFER, FAHERTY & ANDERSON, P.L.L.C.
815 South Washington Avenue
Suite 201
Titusville, FL  32780
Telephone No.:     (321) 269-6833
Facsimile No.:      (321) 383-9970
Counsel for Plaintiff
cguntner@ctrfa.com
croca@ctrfa.com